SWANN, Judge.
Harvey E. Goodman appeals from a final order of the Circuit Court which quashed a writ of habeas corpus and remanded him to the custody of the Sheriff of Dade County, Florida, for extradition to California.
The State of California sought to extradite Goodman from Florida and forwarded to the Governor of Florida its application for requisition and formal demand with attached copies of “complaint and supporting papers”.
The supporting papers accompanying the demand for the return of Goodman were an affidavit made by Robert H. Button, District Attorney’s investigator, before Judge Teilh of the Municipal Court of San Jose-Milpitas Judicial District; the Complaint also sworn to by Button before Judge Teilh, a Magistrate under the laws of the State of California; and the warrant for the arrest of Goodman issued by Judge Teilh, with a Certificate by the County Clerk that Judge Paul R. Teilh was a Judge of the Municipal Court, and the Certificate of a Judge of the Superior Court of California that George Fowles was the County Clerk of the County of Santa Clara.
Goodman was thereafter arrested in Florida and detained by the Sheriff of Dade County. He filed a petition for a writ of habeas corpus challenging the validity of the extradition proceedings. A writ of habeas corpus issued and after final hearing the writ was discharged.
On appeal, Goodman argues, and the State agrees that these proceedings are under the alternative part of § 941.03, Fla. Stat., F.S.A. which requires that a demand for the return of the accused be supported by “a copy of a warrant supported by an affidavit made before a committing magistrate of the demanding state”.
Goodman argues that neither the affidavit nor the arrest warrant were properly authenticated by the Governor of California. The record on appeal reveals that the “complaint and supporting papers” were duly and properly authenticated in accordance with the laws of California. The “complaint” mentioned in the formal demand by the Governor of California for the return of Goodman was in the form of an affidavit subscribed and sworn to by Button before Judge Paul R. Teilh on August 7, 1969 and filed with the Clerk of the Court on the same day. It charged Goodman with the commission of three separate felonies in California. In the supporting papers there was also a lengthy affidavit of Button which was subscribed and sworn to before Judge Teilh on August 7, 1969 and filed with the Clerk of the Court on the same date.
We find no merit, therefore, in appellant’s argument that the supportive affidavits or arrest warrant for Goodman were not properly authenticated by the Governor of California or that the affidavits did not substantially charge Goodman with the commission of a crime in California.
*98 We have considered the other arguments which Goodman advances for reversal and find them to be insufficient for reversal.
The order discharging the writ of habeas corpus is
Affirmed.